**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 16, 2009
Decided November 18, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2799

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of |
| | Illinois, Western Division. |
| *v.* | |
| | No. 07 CR 50044-1 |
| RICHARD A. LEE, | |
| *Defendant-Appellant*. | Frederick J. Kapala, |
| | *Judge*. |

**O R D E R**

On June 15, 2007, officers from the Rockford, Illinois Police Department executed a search warrant at a house where Richard A. Lee had hidden a digital scale and a bag containing powder and crack cocaine. The police returned to the house five days later and arrested Lee for a parole violation. The officers searched Lee incident to the arrest and found a handgun in his possession. Lee confessed to owning the narcotics the officers seized during the June 15 search.

Lee pleaded guilty to possession with intent to distribute crack cocaine in violation of 18 U.S.C. § 841(a)(1) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). As part of his plea bargain, Lee agreed that he qualified as a career offender

under U.S.S.G. § 4B1.1 based on a 1998 felony conviction for possession with intent to distribute cocaine and a 2002 Illinois conviction for second-degree murder. At sentencing the district court adopted the presentence-investigation-report ("PSR") finding that Lee was a career offender under § 4B1.1; Lee did not object. He did argue, however, that § 4B1.1 failed to account for the Sentencing Commission's intent to reduce the penalties for crack-cocaine offenses. The district court rejected this argument but did note that the career-offender guidelines are "strict," "harsh," and "tough." The district court correctly calculated the relevant guidelines range and imposed a within-guidelines sentence of 198 months' imprisonment.

Lee challenges his sentence on two grounds. First, he argues that we must remand his case for resentencing in light of *Kimbrough v. United States*, 128 S. Ct. 558 (2007), because the district court failed to give reasons for rejecting his argument based on the crack/powder cocaine disparity. Second, Lee contends that the district court erred when it sentenced him as a career offender because his Illinois conviction for second-degree murder is not a crime of violence.[1]

Our precedent forecloses Lee's first argument. In *Kimbrough* the Supreme Court held that district courts have discretion to disregard the 100-to-1 crack/powder ratio when fashioning sentences under U.S.S.G. § 2D1.1. 128 S. Ct. at 575. But Lee was sentenced as a career offender under § 4B1.1, and we have held that § 4B1.1 does not implicate *Kimbrough* because the crack/powder disparity in the career-offender guideline "arises from a statute, not the advisory guidelines." *United States v. Harris*, 536 F.3d 798, 813 (7th Cir. 2008). We recently reaffirmed *Harris* in *United States v. Welton*, 583 F.3d 494, 499 (7th Cir. 2009) (defendants sentenced as career offenders under § 4B1.1 "have no sentencing challenge based on the severity of the crack/powder disparity"). Therefore, to the extent Lee argues that *Kimbrough* necessitates a remand for resentencing, his argument fails.

In his pro se brief, Lee argues that the career-offender guideline does not apply to him on the ground that his Illinois conviction for second-degree murder does not qualify as a crime of violence because it is not "purposeful" as required by *Begay v. United States*, 128 S. Ct. 1581 (2008). Lee failed to raise this argument below, so our review is for plain error. *See United States v. Olano*, 507 U.S. 725, 732-35 (1993); *United States v. Myers*, 569 F.3d 794, 800 (7th Cir. 2009). As a threshold matter, we interpret the career-offender guideline in the same way we interpret the Armed Career Criminal Act ("ACCA"), *United States v.*

---

[1]Lee made the career-offender argument in a supplemental pro se brief. In that brief he also raised a claim of ineffective assistance of counsel. Although we address the career-offender argument here, we express no judgment on the ineffective-assistance claim. Such claims are best brought on collateral review in a petition for habeas corpus under 28 U.S.C. § 2255. *See United States v. Allison*, 59 F.3d 625, 629 (7th Cir. 1995).

*Woods*, 576 F.3d 400, 403-04 (7th Cir. 2009), and it is not error for a sentencing court to rely on an unchallenged PSR when determining whether qualifying convictions exist for purposes of the ACCA, *United States v. Thornton*, 463 F.3d 693, 700-01 (7th Cir. 2006). Lee did not object to his PSR, which classified him as a career offender, and the district judge relied on the PSR when he sentenced Lee as a career offender.

Furthermore, Lee was convicted of second-degree murder, not "second-degree manslaughter" as he argues. Indeed, there is no crime in Illinois called "second-degree manslaughter." *See* 720 ILL. COMP. STAT. 5/9-1 to 9-3 (listing Illinois' homicide crimes). Second-degree murder obviously qualifies as a crime of violence under either definition of the term; it has as an element the "use of physical force against the person of another," § 4B1.2(a)(1), and is purposeful conduct that "presents a serious potential risk of physical injury to another," § 4B1.2(a)(2). *See* 720 ILL. COMP. STAT. 5/9-2. Accordingly, the district court did not err in sentencing Lee as a career offender.

AFFIRMED