NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted August 31, 2011
Decided September 27, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD , *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 08-2799 | Appeal from the United States District Court for the |
| UNITED STATES OF AMERICA, | Northern District of Illinois, |
| *Plaintiff-Appellee*, | Western Division. |
| *v.* | No. 07 CR 50044-1 |
| RICHARD A. LEE, | Frederick J. Kapala, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Richard Lee pleaded guilty to possessing crack cocaine with intent to deliver in violation of 18 U.S.C. § 841(a)(1) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  In his plea agreement, he admitted that he was a career offender.  The district court calculated the guidelines sentencing range, considered the relevant sentencing factors under 18 U.S.C. § 3553(a), and imposed a within-guidelines sentence of 198 months.

On appeal Lee argued that his sentence was unreasonable under *Kimbrough v. United States*, 552 U.S. 85 (2007), because the district court did not address the disparity between

the guidelines ranges for crack- and powder-cocaine offenses.  We affirmed Lee's sentence based on circuit precedent holding that *Kimbrough* discretion is not implicated in career-offender cases.  *United States v. Lee*, 352 F. App'x 112 (7th Cir. 2009) (citing *United States v. Harris*, 536 F.3d 798, 813 (7th Cir. 2008) and *United States v. Welton*, 583 F.3d 494, 499 (7th Cir. 2009)).  Lee petitioned for certiorari.  Meanwhile, however, we overruled the aforementioned circuit precedent in *United States v. Corner*, 598 F.3d 411, 416 (7th Cir. 2010).  So the Supreme Court sent Lee's case back to us for further consideration.

On remand we concluded that the *Kimbrough* error was not preserved in the district court—Lee had merely reminded the court that "the Sentencing Commission has changed its approach to crack cocaine offenses as recently as November of 2007."  Thus, our review was for plain error only.  *See United States v. Taylor*, 520 F.3d 746, 747-48 (7th Cir. 2008); *United States v. Paladino*, 401 F.3d 471, 481-84 (7th Cir. 2005).  Following the procedures outlined in *Taylor* and *Paladino*, we retained jurisdiction and issued a limited remand asking the district court whether it would like an opportunity to resentence Lee given our decision in *Corner*.  The court has now informed us that in light of the facts and circumstances of the case, including Lee's criminal history and predisposition towards violence, it "would still impose the same sentence now knowing the full extent of its sentencing discretion."

The only conceivable remaining issue is whether the sentence was reasonable.  *See Paladino*, 401 F.3d at 484.  Lee's sentence was within the properly calculated guidelines range and is therefore presumptively valid.  *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  Lee has not advanced any convincing argument to overcome that presumption. And there is no indication that the court failed to "consider[] the parties' arguments" or lacked "a reasoned basis for exercising [its] own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 356 (2007).  Accordingly, Lee's sentence was reasonable and not the result of plain error.

AFFIRMED.