**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 16, 2010
Decided July 2, 2010

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-3809

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 09-CR-18-C-01 |
| VINCENT A. LOWE, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

Vincent Lowe pleaded guilty under a plea agreement to possessing with intent to distribute 50 grams or more of crack cocaine. *See* 21 U.S.C. § 841(a)(1). In the plea agreement, Lowe waived his right to appeal his conviction and any sentence of 327 months' imprisonment or less. In exchange, the government refrained from filing an information under 21 U.S. C. § 851 regarding Lowe's prior felony convictions, which would have mandated a minimum sentence of life under 21 U.S C. § 841(b)(1)(A). Lowe was sentenced to 240 months. He filed a notice of appeal, but his appointed lawyers seek to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because they cannot identify any

nonfrivolous argument to pursue. We limit our review to the potential issues in counsel's facially adequate brief and Lowe's response to his lawyers' motion. *See* CIR. R. 51(b)*; United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

The district court computed the guidelines range as follows. Three prior felony convictions—two for crack possession and one for victim intimidation—qualified Lowe as a career offender under U.S.S.G. § 4B1.1. And because his new crime involved 50 or more grams of crack and thus carried a possible life sentence, *see* 21 U.S.C. § 841(b)(1)(A)(iii), application of the career-offender guideline meant an offense level of 37, or 34 after a three-level reduction for acceptance of responsibility. *See* U.S.S.G. §§ 3E1.1(a)-(b), 4B1.1(b). That offense level, coupled with the criminal history category of VI mandated by the career-offender guideline, yielded an imprisonment range of 262 to 327 months. *See* U.S.S.G. § 4B1.1(b), Ch. 5 Pt. A.

At sentencing, Lowe urged the district court to disregard the career-offender guideline based on a disagreement with the differences in imprisonment ranges for offenders involved with crack versus those involved with like amounts of powder cocaine. The district court rejected that argument, a ruling in accord with *United States v. Welton*, 583 F.3d 494 (7th Cir. 2009), which prohibited district judges from disagreeing with the career-offender guidelines on the ground that Lowe urged. We decided *Welton* after Lowe entered his plea agreement, but it controlled at the time of his sentencing and remained in force until we overruled it four months after his sentencing in *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010). Despite the constraint of *Welton*, the district court exercised its sentencing discretion under 18 U.S.C. § 3553(a) to impose a sentence 22 months below the bottom of the advisory range, explaining that such a sentence was no longer than necessary to accomplish the purposes of sentencing.

In their *Anders* brief, counsel tell us that Lowe does not want his guilty plea set aside; for that reason, they do not consider a challenge to the plea's voluntariness. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2005). Lowe's Rule 51(b) response, however, suggests that he wishes to rescind his appeal waiver and challenge his sentence in light of the parties' "mutual" mistake at sentencing about *Welton's* limits on a court's sentencing discretion. Yet he also wishes to leave his guilty plea intact to avoid the risk of a mandatory life sentence. But a challenge to just the appeal waiver would be frivolous because Lowe may not "perform surgery on his plea agreement, excising only . . . the waiver of his right to appeal." *United States v. Sura*, 511 F.3d 654, 655 (7th Cir. 2007). The appeal waiver is valid if the plea agreement stands, and the plea agreement stands if, as is the case, Lowe does not want to discard his plea of guilty and lose the benefit of avoiding a mandatory life sentence. *See Knox*, 287 F.3d at 671.

With the plea agreement intact, counsel and Lowe consider whether they could nonetheless argue that, with *Welton* now overruled by *Corner*, the district court erred by concluding that it lacked discretion to disagree with the career-offender guideline's different treatment of those caught with like amounts of crack and powder cocaine. But counsel properly conclude that such a challenge—like any challenge to the sentence—would be foreclosed by the appeal waiver. Because the guilty plea stands, so does the appeal waiver, which necessarily precludes the argument that *Corner* requires resentencing. *See Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS Lowe's appeal.