In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1033

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

VINCENT CORNER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 3:07-cr-00104-bbc—**Barbara B. Crabb**, *Chief Judge*.

SUBMITTED EN BANC MARCH 3, 2010—DECIDED MARCH 17, 2010

Before EASTERBROOK, *Chief Judge*, and POSNER, FLAUM, RIPPLE, KANNE, ROVNER, WOOD, EVANS, WILLIAMS, SYKES, TINDER, and HAMILTON, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Vincent Corner pleaded guilty to possessing more than five grams of cocaine base, with intent to distribute it. He was sentenced to 188 months' imprisonment as a career offender under U.S.S.G. §4B1.1. A panel concluded that the career-offender classification was correct, 588 F.3d 1130 (7th Cir. 2009), and affirmed the sentence in light of *United States v. Welton*, 583 F.3d

494 (7th Cir. 2009), which held that district courts are not entitled to disagree with §4B1.1. The effect of *Welton* is that, although judges may disagree with the Guidelines' equation of crack cocaine to 20 or more times the quantity of powder cocaine, see *Kimbrough v. United States*, 552 U.S. 85 (2007), they are bound by the crack/powder ratio when the defendant also is a career criminal—because 28 U.S.C. §994(h) requires the Sentencing Commission to ensure that the Guidelines for career offenders are at or near the statutory maximum sentences, and the conversion ratio affects the statutory maximum (and minimum) sentences under 21 U.S.C. §841.

*Kimbrough* authorizes district judges to disagree with the Sentencing Commission but not with statutes. We held in *Welton* that two statutes in combination, rather than the Sentencing Commission's choices, require the lengthy sentences for career offenders who distribute crack cocaine. Section 841 treats 1 gram of crack as equivalent to 100 grams of powder cocaine. The maximum penalty for distributing five grams of crack is 40 years, §841(b)(1)(B)(iii), while the maximum for five grams of powder is 20 years, §841(b)(1)(C). Thus §994(h) directs the Sentencing Commission to issue a Guideline that the sentence of a career offender who distributes five grams of cocaine base should be roughly twice the sentence of a career offender who distributes five grams of cocaine hydrochloride.

Corner filed a petition for rehearing *en banc* limited to the question whether a district judge is entitled to disagree with the career-offender Guideline. The United

States has confessed error and asked us to overrule *Welton*. In the Supreme Court, the Solicitor General confessed error in *United States v. Vazquez*, 558 F.3d 1224 (11th Cir. 2009), on which *Welton* had relied. The Justices vacated *Vazquez* and remanded for reconsideration in light of the Solicitor General's position, 2010 U.S. LEXIS 736 (U.S. Jan. 19, 2010)—a step that, though it does not endorse the Solicitor General's views, indicates receptivity to them. The Solicitor General's support for Corner's position, and the vacatur of *Vazquez*, occurred after *Welton* and were not considered in that decision. Although, as we observed in *Buchmeier v. United States*, 581 F.3d 561, 565–66 (7th Cir. 2009) (en banc), it is rarely appropriate to overrule circuit precedent just to move from one side of a conflict to another, reconsideration is more appropriate when this circuit can eliminate the conflict by overruling a decision that lacks support elsewhere. With *Vazquez* vacated, this circuit stands alone,[†] and

---

[†] At least four courts of appeals have concluded that sentencing judges may disagree with the policy behind §4B1.1. See *United States v. Michael*, 576 F.3d 323, 327–28 (6th Cir. 2009); *United States v. Clay*, 524 F.3d 877, 878 (8th Cir. 2008); *United States v. Boardman*, 528 F.3d 86 (1st Cir. 2008)*; United States v. Sanchez*, 517 F.3d 651, 664–65 (2d Cir. 2008). Cf. *In re Sealed Case*, 548 F.3d 1085, 1087 (D.C. Cir. 2008), which assumes that this view is sound. *Welton* cited *United States v. Jimenez*, 512 F.3d 1, 8 (1st Cir. 2007), as a decision holding that sentencing judges may not disagree with §4B1.1, but *Boardman* shows that the first circuit itself does not read the language in *Jimenez* that way. (The crack/powder ratio was irrelevant in *Jimenez* because the

(continued...)

a fresh look at the subject is in order. See *Owens v. United States*, 387 F.3d 607, 611 (7th Cir. 2004); *United States v. Carlos-Colmenares*, 253 F.3d 276, 277–78 (7th Cir. 2001); *United States v. Hill*, 48 F.3d 228, 232 (7th Cir. 1995). We grant the petition for rehearing *en banc*.

*United States v. Booker*, 543 U.S. 220 (2005), holds that the Sentencing Guidelines are advisory and that judges may vary from their recommendations as long as they respect all statutory requirements. Before *Kimbrough* most circuits, including this one, thought that the 100-to-1 ratio between crack and powder cocaine then used in the Guidelines (the ratio was reduced in 2007 by Amendment 706) must be treated as a statutory rule, not only because the 100-to-1 ratio comes from §841 but also because the Sentencing Commission's efforts to change the ratio in the Guidelines had been rejected by statutes disapproving proposed amendments. See *United States v. Miller*, 450 F.3d 270 (7th Cir. 2006). *Kimbrough* disagreed with that understanding and concluded that the ratio in the Guidelines is the work of the Sentencing Commission rather than Congress, and that district judges may use their own assessments of the appropriate ratio rather than the Sentencing Commission's.

When some circuits held, in the wake of *Kimbrough*, that judges may vary from the Guidelines' crack/powder

---

(...continued)

defendant distributed so much cocaine that the statutory maximum sentence, and therefore the sentence recommended by §4B1.1, would have been life imprisonment even if all of his sales had been cocaine powder.)

ratio only if the facts of particular cases make its application unjust, the Court responded that a sentencing court's power is general: "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." *Spears v. United States*, 129 S. Ct. 840, 843–44 (2009). We understand *Kimbrough* and *Spears* to mean that district judges are at liberty to reject *any* Guideline on policy grounds—though they must act reasonably when using that power. As we remarked in *United States v. Kirkpatrick*, 589 F.3d 414, 416 (7th Cir. 2009), "[t]he allowable band of variance is greater after *Booker* than before, but intellectual discipline remains vital. '[A] motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles.' *United States v. Burr*, 25 F. Cas. 30, 35 (No. 14692d) (C.C. Va. 1807) (Marshall, C. J.)." So long as a district judge acts reasonably, however, the Sentencing Commission's policies are not binding.

Our opinion in *Welton* relied on the Supreme Court's observation in *Kimbrough* that "Congress has shown that it knows how to direct sentencing practices in express terms. For example, Congress has specifically required the Sentencing Commission to set Guidelines sentences for serious recidivist offenders 'at or near' the statutory maximum. 28 U.S.C. § 994(h)." 552 U.S. at 103. We understood this to imply that U.S.S.G. §4B1.1, which implements §994(h), should be treated as a statute for the purpose of *Booker* and *Kimbrough*. (As we recognized in *United States v. Knox*, 573 F.3d 441, 449–50 (7th Cir. 2009), §4B1.1 covers more offenses than §994(h) requires. To the

extent of the difference between the statute and the Guideline, the latter reflects the Sentencing Commission's own policy and so is covered by *Kimbrough* and *Spears* on any understanding.)

Further reflection has led us to conclude that the Justices' reference to §994(h) in *Kimbrough* does not equate §4B1.1 with either §994(h) or the statutory maximum sentence that the career-offender Guideline must be "at or near." The Court made two related points in *Kimbrough*: first, the crack/powder ratio in the Guidelines was the choice of the Commission rather than Congress; second, district judges are entitled to disagree with the Commission's policy choices, as long as the judges follow all statutes. The reference to §994(h) in *Kimbrough* concerned the first of these points rather than the second; and it is the second, reiterated in *Spears*, that controls the career-offender issue. It follows that a district judge is bound by the three-strikes provision in the Armed Career Criminal Act, 18 U.S.C. §924(e), but not the three-strikes provision in the career-offender Guideline.

Sentencing judges must implement all statutes, whether or not the judges agree with them—but all §994(h) requires is that the Sentencing Commission set the presumptive sentencing range for certain serial criminals at or near the statutory maximum. Guideline 4B1.1 in turn provides a benchmark that every judge must take into account. See *Rita v. United States*, 551 U.S. 338, 351 (2007); *Gall v. United States*, 552 U.S. 38, 49 (2007). The need to consider this reference point does not imply that the sentence must be within the Guideline range—indeed, *Rita* adds

that a district judge must not begin with a presumption that each case should be within the range. 551 U.S. at 351. A sentencing judge needs to understand the Commission's recommendations, which reflect (among other things) the goal of avoiding unwarranted disparities in how different judges treat equivalent offenses and offenders. 18 U.S.C. §3553(a)(6); *United States v. Bartlett*, 567 F.3d 901, 907–09 (7th Cir. 2009). But *Booker*, *Kimbrough*, and *Spears* conclude that a judge who understands what the Commission recommends, and takes account of the multiple criteria in §3553(a), may disagree with the Commission's recommendation categorically, as well as in a particular case. Because §4B1.1 is just a Guideline, judges are as free to disagree with it as they are with §2D1.1(c) (which sets the crack/powder ratio). No judge is *required* to sentence at variance with a Guideline, but every judge is at liberty to do so.

Several statutes raise the sentences of recidivists. See *United States v. Wicks*, 132 F.3d 383, 385 (7th Cir. 1997) (listing some of these laws). Sentencing judges must honor these statutes punctiliously. But §994(h) does not set a floor under sentences; it sets a floor under one of the Sentencing Guidelines. That the floor in §4B1.1 is linked to the statutory maximum sentence for the crime of conviction does not make §4B1.1 itself a statute; it remains a Guideline. *Booker*, *Kimbrough*, and *Spears* hold that the floors (and ceilings) in Guidelines are not legally binding. We overrule *Welton* to the extent it holds that §4B1.1 differs from other Guidelines. The decisions on which *Welton* principally relied, including *United States v. Harris*, 536 F.3d 798, 813 (7th Cir. 2008); *United States*

*v. Clanton*, 538 F.3d 652, 660 (7th Cir. 2008); and *United States v. Millbrook*, 553 F.3d 1057, 1067 (7th Cir. 2009), likewise are overruled on this issue.

Corner's sentence is vacated, and the case is remanded for resentencing.