NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 18, 2010
Decided November 29, 2010

Before

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 10-2601

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Central |
| | District of Illinois. |
| *v.* | |
| | No. 1:00-cr-10089–MMM-JAG |
| CHARLES WOODS, | |
| *Defendant-Appellant.* | **Michael M. Mihm**, *Judge*. |

O R D E R

Charles Woods was convicted on two counts of distribution of five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Based on the amount of cocaine base attributable to Mr. Woods, and adjusted for Mr. Woods's role in the offense, the district court concluded that Mr. Woods's offense level was 38. The district court also determined that Mr. Woods was a career offender; under the career offender guidelines, Mr. Woods's offense level was 37. Because the offense level for the drug quantity guideline was greater, the court employed an offense level of 38, which yielded a corresponding sentencing range of 360 months to life. The district court sentenced Mr. Woods to 360 months' imprisonment on each count. On appeal, this court affirmed Mr. Woods's conviction.

On May 23, 2008, relying on the amendment reducing the offense levels for crack cocaine offenses, Mr. Woods filed an initial motion for a sentencing reduction under 18 U.S.C. § 3852(c). The district court denied the motion on the ground that the amendment did not have the effect of lowering Mr. Woods's applicable guideline range because application of the career offender guideline yielded the same sentencing range.

On May 6, 2010, Mr. Woods filed a second motion under § 18 U.S.C. § 3852(c) in which he sought reduction of his sentence based on this court's decision in *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010). Mr. Woods argued that *Corner* permitted the district court to disagree with the Sentencing Guidelines policy statements that had precluded the district court from reducing Mr. Woods's sentence during the initial proceedings under 18 U.S.C. § 3582(c). The district court held that *Corner* did not apply retroactively and therefore did not provide a basis for granting Mr. Woods relief.

On appeal, Mr. Woods renews his argument that our decision in *Corner* provides a basis for granting relief under § 3582(c). We disagree. Based on the language of § 3582(c)(2) and the Supreme Court's interpretation of that statutory language in *United States v. Dillon*, 130 S. Ct. 2683 (2010), we believe that the district court properly denied Mr. Woods's motion.

Mr. Woods seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582, which provides in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added). The Supreme Court has made clear that the intent of § 3582(c)(2) is "to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon*, 130 S. Ct. at 2691. Additionally, the Court has established a procedure for evaluating motions brought pursuant to this section: "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.*

Turning to § 1B1.10, Application Note 1(A) states:

> Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only

by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and *is not consistent with this policy statement* if: . . . .(ii) an amendment listed in subsection (c) is applicable to the defendant *but the amendment does not have the effect of lowering the defendant's applicable guideline range* because of the operation of another guideline or statutory provision . . . .

U.S. Sentencing Guideline Manual § 1B1.10, cmt n.1(A) (2010) (emphasis added).

Here, there is no question that, after Mr. Woods's sentencing, the Sentencing Commission lowered the sentencing range for crack cocaine convictions. However, it also is the case that, if Mr. Woods had not been sentenced based on the amount of crack cocaine attributable to him, he would have been sentenced under the career offender guideline. If the district court had employed the career offender guideline instead of the crack cocaine guideline, the same sentencing range would have resulted. According to application note 1(A)(ii), it would be inconsistent with the policy statement for the court to entertain Mr. Woods's motion to reduce his sentence because the amendment does not have the effect of lowering Mr. Woods's guideline range. Thus, although *Corner* now allows a district court to disagree with the policy inherent in the career offender guideline and to sentence a defendant below that guideline range, the *statute* under which Mr. Woods seeks relief still requires that reductions be granted only when consistent with policy statements. Here, the policy statement allows for a modification under § 3582(c)(2) only when the presumptive guideline range is affected. That has not occurred here.

AFFIRMED