In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-1272

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

THARRON L. NEWBERN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 2:09-cr-20036-MPM-DGB-1—**Michael P. McCuskey**, *Chief Judge*.

ARGUED AUGUST 3, 2010—DECIDED JANUARY 24, 2011

Before BAUER, MANION and SYKES, *Circuit Judges*.

PER CURIAM. While executing a search warrant, police found 18.2 grams of marijuana and 4.1 grams of crack in plastic baggies in Tharron Newbern's pockets. Newbern later pleaded guilty to one count of possessing crack cocaine with the intent to distribute. *See* 21 U.S.C. § 841(a)(1). Because he had four prior felony convictions for drug offenses, Newbern qualified for the career-offender sentencing enhancement. *See* U.S.S.G. § 4B1.1. The

district court sentenced Newbern to 188 months' imprisonment—at the bottom of his Guidelines range. On appeal, Newbern reads *United States v. Welton*, 583 F.3d 494 (7th Cir. 2009), which controlled at the time of his sentencing, as having prevented the district court from deviating from the career-offender Guidelines range based on any policy disagreement it may have had with § 4B1.1. But, Newbern explains, shortly after his sentencing, we overruled *Welton* in *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010). Based on this change in circuit precedent, Newbern contends that a limited remand is necessary so that the district court can say whether it would have given him the same sentence if it had been free to reject § 4B1.1 on any policy ground. But Newbern misreads these two cases, and the narrow policy argument foreclosed by *Welton* would not have helped Newbern at sentencing. Thus, we affirm the district court's judgment.

## I. BACKGROUND

After Newbern pleaded guilty, a probation officer prepared a presentence report, first calculating that under § 2D1.1 of the Sentencing Guidelines, Newbern's total offense level would be 22. With a three-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, Newbern's total would drop down to 19 and, when combined with a criminal history category of V, produce a Guidelines range of 57 to 71 months. But, because of Newbern's prior felony drug convictions, the probation officer determined that Newbern qualified as a career-

offender under § 4B1.1. Furthermore, even with the acceptance-of-responsibility reduction, Newbern's offense level jumped up to 31, because the statutory maximum under 21 U.S.C. § 841(b)(1)(C) is 30 years for a defendant with a prior felony conviction and whose offense involved less than 5 grams of crack. (When the offense involves less than 5 grams of cocaine—whether the cocaine is crack or powder—the statutory maximum and the offense level under § 4B1.1 would be the same for defendants with a prior felony. *See* 21 U.S.C. § 841(b)(1)(C); U.S.S.G. § 4B1.1.) As a career offender, Newbern's criminal history category also increased from V to VI, yielding an adjusted Guidelines range of 188 to 235 months. Neither Newbern nor the government objected to the probation officer's calculations, which the district court accepted.

At the sentencing hearing Newbern pressed the district court to give him a below-Guidelines sentence of 120 months, noting that his personal background, education, and work history set him apart from other defendants. Regarding his past drug convictions, Newbern emphasized that all of the charges involved relatively small amounts of drugs and that he had never been charged with a violent crime. Even a sentence of 120 months, Newbern pointed out, would still be five years longer than any of his previous sentences. Although Newbern did not challenge his status as a career offender, he argued that he was not a typical career offender and that it was not "worthwhile" to put a man like him in prison for 15 years when his personal characteristics showed great promise for

rehabilitation. He did not, however, raise any policy arguments or ask the court to disagree with § 4B1.1 categorically.

Before announcing sentence, the district court discussed each of the sentencing factors under 18 U.S.C. § 3553(a). The court noted that Newbern's conviction involved a "chicken feed" amount of crack that was "almost a nonexistent crime for [that] court." If this had been Newbern's first offense, the court continued, then it would have been inclined to give him probation. But, the court explained, Newbern earned his status as a career offender because he "can't stay away from small-time drug dealing," as evidenced by his troubling "revolving door" pattern of drug offenses over 15 years, and, the court added, in the federal system "it all catches up with you." The court denied Newbern's request for a below-Guidelines sentence, reasoning that any sentence less than the "advisory Guidelines minimum of 188 months would ignore the pattern, would ignore the convictions, would ignore the revolving door and the fact that [Newbern had] been to [prison] several times." Explaining that a sentence of 188 months was "appropriate and reasonable" and reflected the seriousness of the crime, the court concluded: "You're a career offender. It's not a four gram case. It's a career offender case of a repeat offender who's been in prison several times." This appeal followed.

## II. ANALYSIS

Newbern reads our holding in *Welton* broadly and argues that at the time of sentencing *Welton* prevented

the district court from declining to follow the career-offender Guidelines range for any "policy" reason. Because *Corner* overruled *Welton* two months after he was sentenced, Newbern contends, a limited remand is warranted to allow the district court to consider whether it would have given him the same sentence if it had known that "it had the discretion to disagree, reject, or vary categorically from the career offender Guidelines itself, and in this case in particular." The government counters that *Welton*'s holding was limited. According to the government, although *Kimbrough v. United States*, 552 U.S. 85 (2007), allows courts to disagree with § 2D1.1 of the Guidelines based on the crack/powder disparity, *Welton* held that courts could not use that disparity to deviate from the career-offender Guidelines under § 4B1.1. But because Newbern was charged with less than 5 grams of crack, the government explains, the disparity did not affect his sentence. His offense level under § 4B1.1 was based on the applicable statutory maximum, which for Newbern's small quantity was the same regardless of whether his cocaine was crack or powder. Thus, the government concludes, the disparity objection foreclosed in *Welton* and later allowed in *Corner* does not apply to Newbern's case.

Newbern did not ask the district court to reject categorically the career-offender Guidelines based on this or any other policy objection. Thus we review his sentence only for plain error. *United States v. Taylor*, 520 F.3d 746, 747 (7th Cir. 2008); *United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005). As such, Newbern must show that the previous unavailability of a policy-based reason

for disagreeing with the career-offender Guidelines affected his substantial rights, and, if left uncorrected, would seriously affect the "fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993); *Paladino*, 401 F.3d at 481.

Newbern cannot do so because *Welton* did not affect the length of his sentence. *Welton* did not prevent district courts from considering *all* policy disagreements with § 4B1.1 (as Newbern argues); it just foreclosed a policy objection based on the crack/powder disparity. As *Welton* put it: The 100:1 crack/powder "disparity embedded in § 4B1.1" is not part of "the sentencing discretion provided by *Kimbrough.*" 583 F.3d at 497. *Welton* reasoned that the career-offender Guidelines pegs a defendant's sentence to the mandatory statutory maximums established by Congress, and thus disagreeing with the disparity when it affects a § 4B1.1 case is equivalent to disregarding those Congressional mandates. *Id.* at 496-97. *Welton* therefore concluded that "a district court may not rely on the 100:1 crack/powder disparity embedded in § 4B1.1 as a basis for imposing a non-Guideline sentence." *Id.* at 499. In all other respects, *Welton* added, district courts are free to treat § 4B1.1 as advisory under *Kimbrough*, so long as courts base their sentences on the factors enumerated in § 3553(a). *Id.*

*Kimbrough* opened the door for policy disagreements with the Guidelines and *Welton* closed it only to preclude arguments based on crack/powder disparities when those challenges stemmed from the statutory maximums embedded in § 4B1.1. Other policy concerns that

could be raised to challenge § 4B1.1 (such as an argument that its definition of a career offender is overbroad or that recidivists should not be punished more harshly) would not pose a challenge to the embedded ratio disparity or the statutory maximums and, thus, would have been available to Newbern at sentencing. By overruling *Welton's* narrow holding, *Corner* now allows sentencing judges to vary from the career-offender Guidelines based on a policy disagreement with the crack/powder disparity when it affects a sentence. But here, even if the district judge in this case would have disagreed with that disparity when it affected a career-offender Guidelines range, Newbern cannot establish plain error because, as Newbern does not dispute, the disparity had no effect on *his* Guidelines range. Accordingly, a limited remand would not help Newbern.

### III.  CONCLUSION

Therefore, the judgment of the district court is AFFIRMED.