In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-3245

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TERRENCE R. VANCE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 09 CR 40070—**J. Phil Gilbert**, *Judge.*

ARGUED JUNE 7, 2011—DECIDED SEPTEMBER 26, 2011

Before EASTERBROOK, *Chief Judge*, and BAUER and WILLIAMS, *Circuit Judges*.

BAUER, *Circuit Judge.* On October 6, 2009, a federal grand jury returned an indictment charging the defendant, Terrence Vance, with two counts of possession with intent to distribute crack cocaine. On March 16, 2010, Vance pleaded guilty to both counts of the indictment without a plea agreement. A probation officer recommended 262 to 327 months' imprisonment based

on the Federal Sentencing Guidelines (the "Guidelines"), which the district judge adopted without objection. Vance was ultimately sentenced to 262 months' imprisonment and 8 years of supervised release, which he now appeals. For the following reasons, we affirm.

## I.  BACKGROUND

### A.  Facts of the Offenses

On September 15, 2009, Vance was apprehended by police during a traffic stop in Mt. Vernon, Illinois. After exiting his vehicle during the stop, Vance attempted to flee. The police used a Taser to subdue him and when they reached him they discovered two bags containing 2.9 grams of crack cocaine. This formed the basis of Count 1 of the indictment.

On November 7, 2008, pursuant to a validly executed warrant, police searched the house in Mt. Vernon where Vance was staying. The officers found 25.1 grams of crack cocaine, a digital scale with white residue on it, and $521.00 in cash, which they attributed to Vance. This formed the basis of Count 2 of the indictment.

### B.  PSR Findings

After Vance pleaded guilty to both counts, a probation officer was assigned to the case. In her presentence report ("PSR"), the probation officer found that Vance's base offense level was 26, but because he was a career offender under § 4B1.1 of the Guidelines and because his

maximum possible sentence on the second count was life imprisonment, his offense level elevated to 37. Even without career offender status, she found that his prior convictions, ranging from theft to additional drug charges, made him a Criminal History Category VI offender, producing the same base offense level of 37. This figure was then reduced by 3 points for acceptance of responsibility, producing a total offense level of 34 and an advisory Guidelines range of 262 to 327 months for the offenses to which he pleaded guilty.

### C. Sentencing Hearing

At the sentencing hearing, neither party objected to any of the statements or findings in the PSR, including the calculation of the applicable Guidelines range. Instead, Vance's attorney asked the court for a below-Guidelines sentence because of the disparity between sentences for powder and crack cocaine offenses. The government recommended a sentence at the low end of the Guidelines range. The court imposed 262 months and 8 years of supervised release after reviewing the factors that must be considered in determining an appropriate sentence under 18 U.S.C. § 3553.

## II. DISCUSSION

On appeal, a sentence within a correctly-applied Guidelines range is entitled to a presumption of reasonableness. *Rita v. United States*, 551 U.S. 338, 347 (2007). All sentences, whether "inside, just outside, or significantly outside

the Guidelines range," are reviewed under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 40 (2007).

In this case, the defendant has conceded that the range of 262 to 327 months' imprisonment was computed correctly. We therefore apply the presumption of reasonableness and consider whether (1) the defendant's arguments for a below-Guidelines sentence were given meaningful consideration and (2) the factors that formed the basis of the judge's sentence were adequately communicated at the hearing. If these requirements are satisfied, we conclude that the sentence imposed was a reasonable exercise of the sentencing judge's broad discretion.

## A. Mitigating Factors Raised By The Defendant At Sentencing

### 1. *Crack/Powder Disparity*

With respect to his argument that the district judge did not give adequate consideration to the disparity in the Guidelines between crack and powder cocaine offenses, Vance's contention that "the court failed to address [the crack/powder] argument[1]" is incorrect and misleading. At sentencing, the district judge squarely responded to this argument, stating that "even taking into account the differences between cocaine base and cocaine, [those differences] would not affect the court['s] sentence in this matter." This satisfies us that the judge

---

[1]   App. Br. at 11.

considered the argument, but found it unpersuasive. He certainly did not ignore this factor.

### 2. *Changes Implemented Under Fair Sentencing Act*

Vance's argument that the judge had a faulty understanding of the changes put in place under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), (hereafter the "Act"), is irrelevant.

The Act, which was signed into law on August 3, 2010, reduced the disparity between sentences involving crack and powder cocaine and "reset drug quantities required to trigger mandatory sentences." *United States v. Bell,* 624 F.3d 803, 814 (7th Cir. 2010). We recently held that the Act "applies only to defendants who are sentenced based on conduct that took place after August 3, 2010." *United States v. Fisher,* 635 F.3d 336, 338 (7th Cir. 2011). In light of our holding in *Fisher,* Vance concedes that the Act does not apply to him because the offenses he committed occurred before the Act was signed into law.[2] However, it is worth noting that two Courts of Appeal have recently disagreed with our holding in *Fisher*, finding that the Act *does* apply to defendants such as Vance, who committed offenses prior to August 3, 2010, but who were sentenced after that date.[3] *See United States v. Douglas,* ___ F.3d ____, 2011 WL 2120163 (1st Cir.

---

[2] App. Br. at 12.

[3] Vance was sentenced on September 17, 2010, more than six weeks after the Act was signed into law.

May 31, 2011); *United States v. Rojas,* \_\_\_ F.3d \_\_\_\_, 2011 WL 2623579, at *1 (11th Cir. July 6, 2011). Unfortunately for Vance, our holding in *Fisher* was affirmed after much internal debate in *United States v. Holcomb,* Nos. 11-1558, 11-1559, 11-1586, & 11-1758 (7th Cir. August 24, 2011).

We decline to revisit our holdings in *Fisher* and *Holcomb.* Even if the provisions of the Act were applied to this defendant, the reduced penalties called for under the Act are consistent with the sentence he received. As Vance himself described it in his brief, under the Act "[a] defendant who possesses less than 28 grams of crack is subject to the lesser penalties in subsection (b)(1)(C) [of the Controlled Substances Act] of up to 20 years in prison or up to 30 years for someone with a prior controlled substance conviction[4]." The two counts to which Vance pleaded guilty involved 2.9 and 25.1 grams, respectively. He was also a prior controlled substance offender. So, even under the Act, Vance would be eligible for up to 30 years' imprisonment on each of the two counts. The combined 262 months he received without the supposed benefit of the Act's provisions is a full 8 years less than the maximum number for which he would have been eligible on each count under the new Act. Our circuit's precedent is clear that the Act does not apply to Vance; were it to apply, the sentence imposed would still be reasonable by the Act's terms.

---

[4] App. Br. at 13 (referring to the application of § 2(a)(2) of the Act to 21 U.S.C. § 841(b)(1)(B) and (C)).

### B.  The Judge's Reasoning

Since neither of the defendant's arguments for a lesser sentence compel us to reverse the presumptively reasonable sentence imposed, the only issue left is whether the judge adequately articulated the 18 U.S.C. § 3553 factors which he found most significant in deciding upon the sentence of 262 months' imprisonment.

Section 3553 factors range from "the nature and circumstances of the offense and the history and characteristics of the defendant" to "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *See* 18 U.S.C. § 3553(a).

After reviewing a transcript of the sentencing hearing, it is clear that the judge discussed the relevant factors in sufficient detail; unfortunately for the defendant, the analysis was not favorable to him. At various points during the sentencing hearing, the judge referred to Vance's extensive criminal history and to prison time he had previously served for other convictions. The transcript indicates that the judge took Vance's status as a repeat offender very seriously. The fact that Vance was incarcerated more than once before and continued to re-offend was a factor that weighed strongly against him in the judge's calculation of an appropriate sentence. In the judge's view, the defendant's experience of serving time and re-offending demonstrated a pattern of disregard for the law that needed to be addressed. The decision not to sentence the defendant below the Guidelines reflected these specific concerns.

In closing, we cannot fault the district judge for denying a break to a career offender, particularly when the sentence imposed fell within the agreed-upon Guidelines range. While every judge is entitled to sentence at variance with the Guidelines, no judge is *required* to do so. *United States v. Corner*, 598 F.3d 411, 416 (7th Cir. 2010). As we held in *United States v. Scott*, 555 F.3d 605, 610 (7th Cir. 2009), "If a district court may deviate from the Guidelines based on its disagreement with the Sentencing Commission's policy, it is equally within its authority to adhere to the Guidelines because it concurs with the policy judgment the Guidelines reflect."

We are satisfied that the district judge adequately responded to the defendant's arguments for a lesser sentence and that he articulated the factors that formed the basis of the sentence with sufficient particularity. Accordingly, his decision to sentence the defendant at the low end of the Guidelines range was not an abuse of discretion.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the defendant's conviction and sentence.

WILLIAMS, *Circuit judge*, dissenting. Because I am not assured that the judge adequately responded to Vance's arguments concerning the effect that his conviction for a crime of crack rather than powder cocaine had on his sentence, I think a limited remand is the proper course of action. I therefore dissent.

The full context of the judge's remarks at the sentencing hearing is important. The judge first asked the parties whether there were any objections to the PSR and the probation officer's guidelines range calculation, and the parties had no objections. The judge then stated:

> And the Court would note that even with the reduction in the cocaine base, well, the new cocaine base reduction in terms of the guidelines really would have no effect in this case because of the career offender status. And so the Court, even taking into account the differences between cocaine base and cocaine, would not affect the court['s] sentence in this matter.

These remarks evidence some confusion. The first sentence and its reference to the "new" cocaine base reduction suggest that the remarks refer to the Fair Sentencing Act, and the use of "so" in the second sentence suggests that it is a comment about the FSA as well. But if the FSA applied to Vance, his guidelines range would change because the new statutory maximum would be 30 years, *see* 21 U.S.C. § 841(b)(1)(C), which would affect the computation of the guidelines range under the career offender guideline, *see* U.S.S.G. § 4B1.1. If these remarks were about the FSA, then, they were incorrect

as to the effect retroactive application of the FSA would have had on Vance's guidelines range.

More importantly, they did not respond to Vance's argument that he should receive a lower sentence in light of the crack/powder disparity in the guidelines. This argument is wholly unrelated to the FSA. Our decision in *United States v. Corner* makes clear that a judge can take the crack/powder disparity in the career offender guideline into account during sentencing. 598 F.3d 411, 416 (7th Cir. 2010) (en banc). The majority takes the position that the statement "taking into account the differences between cocaine base and cocaine, would not affect the court['s] sentence in this matter" means that the judge justifiably rejected Vance's disparity argument. I disagree. First, Vance did not make the disparity argument until *after* the district court had made the remarks to which the majority points. *See* Sent. Tr. pp. 4, 6. And the argument had not been made in any written submissions, so the judge's comments could not have been responding to any arguments made there either.

Significantly, even if the remarks were referring to the crack/powder disparity in the pre-FSA guidelines, they are still incorrect, as it is not true that the disparity would have "no effect" on Vance's sentence. Had Vance's offense involved powder cocaine, rather than crack cocaine, his pre-FSA guideline range would have been significantly lower. The applicable powder cocaine guideline range was 188 to 235 months, while the presence of crack cocaine yielded Vance's 262 to 327 month range.

We have issued limited remands on many occasions when we have been unsure whether the judge adequately understood his discretion at sentencing. *See, e.g., United States v. Simms*, 626 F.3d 966, 972 (7th Cir. 2010); *United States v. Bell*, 585 F.3d 1045, 1054 (7th Cir. 2009). Vance's argument that the crack/powder disparity should be taken into account was not frivolous. *See Corner*, 598 F.3d at 416. Yet the transcript does not provide assurance that the judge responded to it with the understanding that the sentences for the two types of cocaine would be different. *Cf. United States v. Kilgore*, 591 F.3d 890, 893 (7th Cir. 2010) ("the district court . . . must explain its decision and address non-frivolous sentencing arguments").

The government conceded as much during oral argument when it stated that a limited remand would be a simple way to address concerns about whether the district court took the disparity into account. I agree with the government and believe that the proper course of action is a limited remand to ask the judge whether he would have sentenced Vance any differently in light of the disparity in crack and powder career offender guideline ranges in this case and the discretion judges have to consider them under *Corner*. Therefore, I respectfully dissent.