WILLIAMS, Circuit judge,
dissenting.
Because I am not assured that the judge adequately responded to Vance’s arguments concerning the effect that his conviction for a crime of crack rather than powder cocaine had on his sentence, I think a limited remand is the proper course of action. I therefore dissent.
The full context of the judge’s remarks at the sentencing hearing is important. The judge first asked the parties whether there were any objections to the PSR and the probation officer’s guidelines range calculation, and the parties had no objections. The judge then stated:
And the Court would note that even with the reduction in the cocaine base, well, the new cocaine base reduction in terms of the guidelines really would have no effect in this case because of the career offender status. And so the Court, even taking into account the differences between cocaine base and cocaine, would not affect the court[’s] sentence in this matter.
These remarks evidence some confusion. The first sentence and its reference to the “new” cocaine base reduction suggest that *618 the remarks refer to the Fair Sentencing Act, and the use of “so” in the second sentence suggests that it is a comment about the FSA as well. But if the FSA applied to Vance, his guidelines range would change because the new statutory maximum would be 30 years, see 21 U.S.C. § 841(b)(1)(C), which would affect the computation of the guidelines range under the career offender guideline, see U.S.S.G. § 4B1.1. If these remarks were about the FSA, then, they were incorrect as to the effect retroactive application of the FSA would have had on Vance’s guidelines range.
More importantly, they did not respond to Vance’s argument that he should receive a lower sentence in light of the crack/powder disparity in the guidelines. This argument is wholly unrelated to the FSA. Our decision in United States v. Corner makes clear that a judge can take the crack/powder disparity in the career offender guideline into account during sentencing. 598 F.3d 411, 416 (7th Cir.2010) (en banc). The majority takes the position that the statement “taking into account the differences between cocaine base and cocaine, would not affect the court[’s] sentence in this matter” means that the judge justifiably rejected Vance’s disparity argument. I disagree. First, Vance did not make the disparity argument until after the district court had made the remarks to which the majority points. See Sent. Tr. pp. 4, 6. And the argument had not been made in any written submissions, so the judge’s comments could not have been responding to any arguments made there either.
Significantly, even if the remarks were referring to the erack/powder disparity in the pre-FSA guidelines, they are still incorrect, as it is not true that the disparity would have “no effect” on Vance’s sentence. Had Vance’s offense involved powder cocaine, rather than crack cocaine, his pre-FSA guideline range would have been significantly lower. The applicable powder cocaine guideline range was 188 to 235 months, while the presence of crack cocaine yielded Vance’s 262 to 327 month range.
We have issued limited remands on many occasions when we have been unsure whether the judge adequately understood his discretion at sentencing. See, e.g., United States v. Simms, 626 F.3d 966, 972 (7th Cir.2010); United States v. Bell, 585 F.3d 1045, 1054 (7th Cir.2009). Vance’s argument that the crack/powder disparity should be taken into account was not frivolous. See Corner, 598 F.3d at 416. Yet the transcript does not provide assurance that the judge responded to it with the understanding that the sentences for the two types of cocaine would be different. Cf United States v. Kilgore, 591 F.3d 890, 893 (7th Cir.2010) (“the district court ... must explain its decision and address non-frivolous sentencing arguments”).
The government conceded as much during oral argument when it stated that a limited remand would be a simple way to address concerns about whether the district court took the disparity into account. I agree with the government and believe that the proper course of action is a limited remand to ask the judge whether he would have sentenced Vance any differently in light of the disparity in crack and powder career offender guideline ranges in this case and the discretion judges have to consider them under Corner. Therefore, I respectfully dissent.