EASTERBROOK, Chief Judge,
concurring.
The court’s opinion, which I join without reservation, leaves open a potentially important question: should the district judge resentence Purvis while the state prosecution remains pending?
Purvis was sentenced as a career offender under U.S.S.G. § 4B1.1 because, on the date his federal sentence for distributing cocaine was pronounced, he had two earlier felony convictions for drug offenses. After Purvis began serving his federal sentence, he persuaded a state court to set aside one of those convictions. That decision entitled Purvis to an additional year within which to seek review of his federal sentence. See Johnson v. United States, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005). Today the court holds that the district judge erred in concluding that Purvis’s request for that review was either untimely or a “second or successive” federal petition. We remand “for further proceedings consistent with this opinion.” But what does this mean concretely?
Johnson tells us that Purvis is no longer a career offender. He now has only one prior conviction for a drug offense. But the vacated conviction may be reinstated. The state judge has allowed him to withdraw his guilty plea, because he may have misunderstood the maximum punishment. *946 Purvis has entered a new plea of not guilty and is awaiting trial. If he should be convicted, this would not restore his career-offender status for federal purposes. U.S.S.G. § 4B1.2(c) tells us that a person is classified as a career offender only if he commits his federal offense after “sustaining at least two felony convictions” for drug crimes or violent offenses. Given the retroactive effect of the state court’s vacatur, Purvis had only one such conviction on his record when he committed his federal crime. But a conclusion that Purvis is not a “career offender” is not the end of the line for federal purposes.
Since United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Sentencing Guidelines have been advisory. We concluded in United States v. Corner, 598 F.3d 411 (7th Cir.2010) (en banc), that Booker’s, approach applies to the career-offender Guideline as well as to other Guidelines. Defendants often benefit from this, because district judges have greater discretion to give below-Guideline sentences. But Booker and Comer work both ways: they give judges discretion to sentence above a range as well as below it. It may be prudent for a federal judge to use this discretion when for technical reasons a state crime committed long before the federal offense is treated as if committed later.
The guilty plea that Purvis was allowed to withdraw had been entered in 1993. When he committed his federal drug offense, two state drug-related convictions were on his record. If his state conviction should be reinstated after a trial (or a new guilty plea) he would be no less dangerous, no less likely to commit new crimes, and thus no less deserving of a recidivist sentence, than if the original state conviction had remained in place. Booker and Corner afford the sentencing judge discretion to give these facts whatever weight the judge believes they deserve. See United States v. Woods, 576 F.3d 400, 403 n. 2 (7th Cir.2009) (district court may impose a sentence in the career-offender range even when one or more of the defendant’s prior convictions does not meet all requirements of § 4B1.1).
This observation supposes that, when resentencing a federal offender, a district judge is entitled to consider things that happen between the original sentence and the resentencing. Pepper v. United States, — U.S. -, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011), holds that, when re-sentencing a federal criminal, the judge may consider mitigating events after the original sentence. This principle, like that of Booker and Comer, also works both ways. Because the district judge thus could consider a new state conviction for Purvis’s 1993 activities, the best approach on remand may be to wait and see what happens in the state prosecution.
I do not suggest that the judge is required to wait, only that it is within the judge’s discretion to do so. If the judge thinks that any new conviction for acts 18 years ago would carry little weight, then Purvis should be resentenced without delay. But if the judge believes that the principles behind recidivist sentencing make final disposition of the state charge salient, then the court may elect to defer the federal resentencing until the state prosecution has been concluded.