**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4603**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

SEAN PERRY, a/k/a Sean Austin Perry,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.   Thomas E. Johnston,
District Judge.  (2:10-cr-00139-1)

_____

Submitted:  November 23, 2011        Decided:  December 1, 2011

_____

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Lex A. Coleman, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.   R. Booth
Goodwin II, United States Attorney, Monica L. Dillon, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean Austin Perry appeals his conviction and fifty-seven month sentence imposed after he pled guilty without a plea agreement to one count of distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1) (2006); and one count of aiding and abetting the possession with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 2, 841(a)(1) (2006). Perry's sole argument on appeal is that his sentence should be vacated because it is allegedly greater than necessary to comply with the purposes of 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2011) since: (1) the Guidelines allegedly punish crimes involving oxycodone more harshly than other narcotics offenses; and (2) in imposing the fifty-seven month sentence, the district court allegedly focused solely on deterrence under § 3553(a), rather than considering other compelling factors, such as Perry's history and characteristics. We reject Perry's arguments and affirm the district court's judgment.

This court reviews a sentence for reasonableness under an abuse of discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. This court must first assess whether the district court properly calculated the advisory Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the

2

parties, and sufficiently explained the selected sentence.  Id. at 49-50.

If there is no procedural error, we review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range."  United States v. Morace, 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks and citation omitted), cert. denied, 131 S. Ct. 307 (2010).  However, this court presumes that a sentence within a properly calculated Guidelines range is reasonable.  United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).  Perry does not allege that the district court procedurally erred in imposing his sentence and, thus, his within-Guidelines sentence is entitled to a presumption of reasonableness.  Id.

We conclude that Perry has failed to rebut the presumption of reasonableness.  First, we discern no error in the district court's rejection of Perry's argument that he was entitled to a variant sentence because the Guidelines allegedly punish oxycodone offenses more harshly than other narcotics offenses.  Admittedly, "district courts may 'vary from Guidelines ranges based solely on policy considerations, including disagreements with the Guidelines.'"  United States v. Engle, 592 F.3d 495, 502 (4th Cir.), cert. denied, 131 S. Ct. 165 (2010) (quoting Kimbrough v. United States, 552 U.S. 85, 101

(2007)).  Although a district court is "at liberty" to vary from a particular Guideline, it is equally clear that "[n]o judge is *required* . . . to do so."  United States v. Corner, 598 F.3d 411, 416 (7th Cir. 2010).  The record establishes that the district court was well aware of its authority to reject the manner in which the Guidelines treat oxycodone-related offenses, but simply chose not to do so.

We also conclude that the district court did not abuse its discretion in placing emphasis on its perceived need to deter others from similar crimes in imposing Perry's sentence. Specifically, the district court, while recognizing its authority to vary from Perry's Guidelines range, clearly explained its rationale for declining to do so, including the fact that: (1) oxycodone and other opiate-based drugs have become a serious law enforcement issue in its district; (2) Perry was not from West Virginia; and (3) his drugs were from Detroit, Michigan, which has produced extensive criminal activity.

Perry's assertions to the contrary, the district court also explicitly considered Perry's history and characteristics; namely, his lack of countable criminal history, his decent upbringing, his education, and his potential to become a productive member of society.  Because it is apparent from the district court's comments at sentencing that it carefully

4

considered the Guidelines and the § 3553(a) factors in fashioning an appropriate sentence for Perry, and because the district court sentenced Perry within — in fact, at the bottom of — Perry's Guidelines range, we conclude that Perry's fifty-seven month sentence is reasonable.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED