NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 17, 2014
Decided January 17, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-1532

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:12CR40098-001 |
| LOUISE K. SAINE, *Defendant-Appellant.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

On three occasions in 2012, informants bought powder or crack cocaine from Louise Saine near a church in Mount Vernon, Illinois. Saine pleaded guilty to three counts of distribution, 21 U.S.C. § 841(a)(1). Prior felony convictions for delivery of a controlled substance made Saine a career offender, *see* U.S.S.G. § 4B1.1(a), with a guidelines imprisonment range of 188 to 235 months. The district court sentenced her to a total of 108 months. She filed a notice of appeal, but her appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California,* 386 U.S. 738, 744 (1967). Saine did not accept our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues discussed in counsel's facially adequate submission. *See United States v. Schuh*, 289 F.3d 968, 973 (7th Cir. 2002).

Counsel explains that Saine does not wish to challenge her guilty pleas. Thus counsel appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the pleas. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel first questions whether Saine could argue that it was error for the district court to apply the career-offender guideline. *See* U.S.S.G. § 4B1.1(a). We agree with counsel that an appellate claim would be frivolous; Saine already had incurred three convictions in Illinois for delivery of a controlled substance, 720 ILCS 570/401, and two was enough to make her a career offender when she committed the federal trafficking crimes, *see* U.S.S.G. §§ 4B1.1(a) & cmt. n.1, 4B1.2(b)*; United States v. Black*, 636 F.3d 893, 898 (7th Cir. 2011). Moreover, the district court recognized that it could sentence Saine as if she was not a career offender, *see United States v. Corner*, 598 F.3d 411, 416 (7th Cir. 2010) (en banc), but the court declined to exercise that discretion.

Counsel also evaluates whether Saine could argue that her concurrent prison sentences are unreasonably long and concludes that this potential claim would be frivolous. We agree. The overall term is more than six years below the guidelines minimum and is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013). Nothing in the record warrants an exception to that presumption. The district court considered the sentencing factors in 18 U.S.C. § 3553(a), noting Saine's history of mental and physical abuse, her difficult life, and the potential for a within-guidelines sentence to be a de facto life sentence given that she was 54 years old. The court also discussed her lengthy criminal history, the need to protect the public from future crimes, and her repeated returns to cocaine sales. *See id*. § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C). This was an adequate explanation for the below-guidelines sentence.

Accordingly, we **GRANT** counsel's motion to withdraw, **DENY** Saine's motion for the appointment of substitute counsel, and **DISMISS** the appeal.