NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Argued November 10, 2015
Decided November 23, 2015

### Before

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 15-1602 <br><br> UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br> *v.* <br><br> DEMETRIUS L. MURPHY, <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Western District of Wisconsin. <br><br> No. 14-cr-109-jdp <br> James D. Peterson, *Judge*. |

### Order

Demetrius Murphy is serving a sentence of 57 months' imprisonment, which the district court imposed following his guilty plea to a felon-in-possession charge. 18 U.S.C. §922(g)(1). He presents a single contention on appeal: that the district judge did not thoroughly consider his contention that U.S.S.G. §2K2.1(a)(3)(A)(i) is excessively harsh in setting the base offense level at 22 if the firearm was "capable of accepting a large capacity magazine"—a term that Application Note 2 defines as a magazine able to hold more than 15 rounds. Murphy's weapon, a Glock Model 17, had a magazine that could hold 30 bullets and actually contained 26 when the gun and magazine were seized. But

for the large-capacity magazine, Murphy's base offense level would have been 20 under §2K2.1(a)(4)(A).

Murphy charges the district judge with ignoring his contention that the extra levels are an excessively severe response to the magazine's capacity. But the district judge did not ignore that contention. Instead he remarked that a larger-capacity magazine allows a given gun to do more harm.

Judges are free to disagree with the Sentencing Guidelines, as Murphy urged the sentencing judge to do. See *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010) (en banc). But they are equally free to agree with the Sentencing Commission's recommendations. The sentencing proceedings show that the judge agrees with the idea behind §2K2.1(a)(3)(A)(i). It is unnecessary for a judge to say more than that. This court observed, when addressing the validity of an ordinance that limits magazines to ten cartridges, that a weapon able to fire more bullets without reloading can do more damage, holding all other things equal, than a weapon with a smaller magazine. *Friedman v. Highland Park*, 784 F.3d 406, 411 (7th Cir. 2015). This part of the Guidelines, and the sentencing judge's statement, rest on the same idea.

AFFIRMED