NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 5, 2009
Decided November 4, 2009

*Before*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-2250

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee.* <br><br> v. <br><br> RAYMOND RYALS, *Defendant-Appellant.* | Appeal from the United States District Court for the Western District of Wisconsin. <br><br> No. 06 CR 99 <br><br> Barbara B. Crabb, *Chief Judge*. |

### O R D E R

Raymond Ryals brokered the sale of one ounce of crack cocaine to a confidential informant, for which he sought to earn $50. A jury ultimately convicted him of distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1), and the district court sentenced him to 365 months' imprisonment. On January 10, 2008, we remanded after finding that the district court had abused its discretion by failing to make an adequate inquiry into the breakdown of communication between Ryals and his attorney before denying Ryals's motion for new counsel prior to his sentencing hearing. *See United States v. Ryals*, 512 F.3d 416, 421 (7th Cir. 2008).

On remand, after conducting a new sentencing hearing with new defense counsel, the district court determined that Ryals qualified as a career offender, *see* U.S.S.G. § 4B1.1(a), and sentenced him to 300 months' imprisonment. The court's sentence fell below the career offender guideline range of 360 months to life. At his sentencing hearing, Ryals provided the district court with a pro se sentencing memorandum that asked the court to consider the crack/powder disparity in arriving at an appropriate sentence. Ryals now contends that the district court abused its discretion by failing to explicitly address his argument that the crack/powder disparity should constitute a mitigating factor in the court's determination of his sentence.

We need not reach the question of whether the sentencing court failed to address Ryals's disparity argument, however, because the court had no authority to sentence Ryals, a career offender, to less time based on its policy disagreement with the crack/powder disparity. *See United States v. Welton*, No. 08-3799, 2009 WL 3151162, at *2 (7th Cir. Oct. 2, 2009). Therefore, we affirm his sentence.