In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-3776

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JAMES J. BROWN, SR.,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 09-CR-58—**Lynn Adelman,** *Judge.*

ARGUED APRIL 22, 2010—DECIDED AUGUST 16, 2010

Before KANNE, WILLIAMS, and HAMILTON, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* James J. Brown, Sr. pled guilty to possessing crack cocaine with the intent to distribute it. He qualified as a career offender under the United States Sentencing Guidelines, and he pointed out in his sentencing memorandum that the guideline range for powder cocaine offenders was lower than that for crack cocaine offenders like him. At the time, our precedent dictated that a sentencing judge was bound

by the crack/powder disparity reflected in the career offender guideline, U.S.S.G. § 4B1.1. We overruled that precedent in *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010) (en banc), which we decided after Brown was sentenced. Although Brown received a sentence that was one month less than the low end of the advisory guideline range for powder cocaine career offenders, we do not know how the district court would have sentenced Brown had it known it could disagree with the crack/powder disparity inherent in the career offender guideline. Therefore, in light of *Corner*, we vacate Brown's sentence and remand for resentencing.

## I. BACKGROUND

While conducting surveillance near an apartment complex in Fitchburg, Wisconsin, an officer saw a drug deal and radioed the license plate numbers and descriptions of the vehicles involved. Officers stopped the vehicle James J. Brown, Sr. was driving. Brown got out and ran, but an officer caught him a short time later and found a clear plastic bag containing 18.18 grams of crack cocaine nearby. Brown admitted in a statement that he ran from the officer because he had crack cocaine and that he had thrown the plastic bag containing crack cocaine while the police chased him.

Brown pled guilty to knowingly and intentionally possessing, with the intent to distribute, more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). The Presentence Investigation Report ("PSR") affixed a base offense level of 24 in light of the 18.18 grams of crack

cocaine found at the scene. *See* U.S.S.G. § 2D1.1. Brown's prior convictions made him a career offender under the guidelines, and that status raised his offense level to 37. *See* U.S.S.G. § 4B1.1. A three-level reduction for acceptance of responsibility resulted in a final offense level of 34, and his criminal history as a career offender was VI. The resulting advisory guideline range was 262 to 327 months. Brown also faced a statutory mandatory minimum of 120 months' imprisonment. *See* 21 U.S.C. § 841(b).

Through counsel, Brown filed a sentencing memorandum before his sentencing hearing. He pointed out in the memorandum that although his guideline range was 262-327 months, his range would have been 151-188 months' imprisonment had his offense involved powder cocaine. On November 4, 2009, the district court imposed a sentence of 150 months' imprisonment, 8 years of supervised release, and a $100 assessment. Brown appeals his sentence.

## II. ANALYSIS

At the time Brown was sentenced, the district court was bound by our decision in *United States v. Welton*, 583 F.3d 494 (7th Cir. 2009). We held in *Welton* that a sentencing court could not disagree with the crack/powder disparity reflected in the career offender guideline, U.S.S.G. § 4B1.1, because a statute, 28 U.S.C. § 994(h), required the Sentencing Commission to set guideline ranges for career offenders at or near the statutory maximum sentences, and the maximum sentences in 21 U.S.C.

§ 841 contained a crack/powder disparity. We later overruled *Welton* in *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010) (en banc), holding that a sentencing judge could consider policy disagreements with the crack/powder disparity when it sentenced a person with career offender status.

The question in this appeal is whether our decision in *Corner* requires a remand in this case. As an initial matter, Brown preserved his argument that the crack/powder disparity reflected in U.S.S.G. § 4B1.1 affected his sentence by asserting in his sentencing memorandum that had his case involved powder cocaine instead of crack cocaine, his guideline range would have been lower. *See United States v. Johnson*, 584 F.3d 731, 740 (7th Cir. 2009) (stating that defendant preserved challenge to sentencing disparity by raising challenge in his objections to the presentencing report).

The government maintains that despite our decision in *Corner*, Brown's sentence should be affirmed. It argues that Brown's 151-month sentence was reasonable and emphasizes that his sentence was one month below the low end of the advisory guideline range for powder cocaine career offenders. The government also points to the district court's thorough discussion at the sentencing hearing and maintains that Brown failed to show that the court's inability to consider the crack/powder disparity in U.S.S.G. § 4B1.1 affected its choice of sentence.

The problem with this argument, however, is that we have no way of knowing how the district court might

have sentenced Brown had it known it could disagree with the crack/powder disparity inherent in the career offender guideline. The course we have taken in similar situations guides us here. After the Supreme Court held in *United States v. Booker*, 543 U.S. 220 (2005), that the sentencing guidelines were advisory and not mandatory, we remanded sentencing appeals to the district court unless we were confident that the sentencing judge would not have given the defendant a lighter sentence had it known the guidelines were only advisory. *See United States v. Paladino*, 401 F.3d 471, 481-84 (7th Cir. 2005). We adopted the same approach after the Supreme Court ruled in *Kimbrough v. United States*, 552 U.S. 85 (2007), that a sentencing judge could disagree with the crack/powder disparity in the guidelines for policy reasons, overruling our precedent to the contrary. *See United States v. Taylor*, 520 F.3d 746, 747-48 (7th Cir. 2008); *United States v. White*, 519 F.3d 342, 349 (7th Cir. 2008). In both situations, we concluded that when we had no way of knowing how the sentencing judge might have sentenced the defendant in light of the Supreme Court decisions, a remand was necessary so that the sentencing judge could make that determination.

That is the situation here too. The government is correct that the district court gave a thorough explanation of the reasons for choosing the sentence it did. The district court discussed Brown's record and the convictions that led to his career offender status. It acknowledged that Brown's current offense was serious, but it also noted that the longest sentence he had received to

date was only 24 months' imprisonment. The court also discussed Brown's difficult childhood, where a neglectful, abusive mother often left Brown and his siblings to fend for themselves. The district court also recognized that Brown had five children and that his fiancée described him as a good person and caring father who became involved in drugs to make money. The district court also noted that Brown was doing well in treatment and had made an effort to be involved with his other children. After taking these and other considerations into account, the district court imposed a sentence of 150 months.

But the district court imposed the 150-month term not knowing that it could disagree with the 262-327 month guideline range for crack cocaine career offenders, and we do not know how it might have sentenced Brown had it known it could sentence him relative to a different range. The district court did not address the crack/powder disparity Brown had raised in his memorandum, which made sense in light of our precedent at the time. It also made no statement suggesting that it would have imposed the same sentence if it had the authority to disagree with the disparity reflected in § 4B1.1. The burden is on the government to show that a remand is unwarranted, *see United States v. White*, 582 F.3d 787, 799 (7th Cir. 2009); *United States v. Olson*, 450 F.3d 655, 683 (7th Cir. 2006), and we do not find that burden satisfied here. We therefore vacate Brown's sentence. Because he preserved his argument before the district court, Brown receives a full resentencing and not a limited remand. *See Johnson*, 584 F.3d at 740; *Olson*, 450 F.3d at 683.

### III.  CONCLUSION

We VACATE Brown's sentence and REMAND his case to the district court.