NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted September 28, 2010
Decided January 24, 2011

**Before**

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-2250

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | |
| RAYMOND RYALS, *Defendant-Appellant*. | No. 06 CR 99 |
| | Barbara B. Crabb, *Judge*. |

**O R D E R**

This case is before us on remand from the United States Supreme Court for further consideration in light of our en banc decision in *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010). *United States v. Ryals*, 130 S.Ct. 3461 (2010).   At issue is whether it is necessary to remand the case to the district court for resentencing.  Both parties have filed statements of their positions pursuant to Circuit Rule 54.

Raymond Ryals brokered the sale of one ounce of crack cocaine to a confidential informant, for which he sought to earn $50.  A jury convicted Ryals of distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1), and the district court sentenced him to a whopping 365 months' imprisonment. Ryals appealed on the ground that the

district court gave inadequate consideration to a motion for new counsel he had made at the sentencing hearing. We held that the district court did not make an adequate inquiry into the dispute between Ryals and his attorney before denying his motion for new counsel, and remanded for a new sentencing hearing. *United States v. Ryals*, 512 F.3d 416, 421 (7th Cir. 2008).

At his second sentencing (before a new judge), Ryals, who was represented by counsel, presented the court with a pro se memorandum in which he argued that his sentence should be reduced in light of the unfair disparity in the guidelines between sentences for powder and crack cocaine offenses. The court accepted the memorandum, read it and acknowledged having done so, but did not address its contents on the record or state whether it took it into consideration in any way. The court then sentenced Ryals to 300 months' imprisonment and eight years of supervised release.

Ryals again appealed, arguing that the court abused its discretion when it did not consider his crack/powder disparity argument in determining his sentence. We affirmed Ryals' sentence because under the controlling precedent at the time, *United States v. Welton*, 583 F.3d 494 (7th Cir. 2009), the district court had no authority to consider such an argument. *United States v. Ryals,* 351 Fed. Appx. 102 (7th Cir. 2009).  In *Welton*, we held that a district court could not disagree with the crack/powder disparity set forth in the guidelines because the Sentencing Commission was statutorily obligated to set guideline ranges reflecting that disparity for career offenders. *Welton*, 583 F.3d at 494.

After we affirmed Ryals' second sentence, we decided *Corner*, which overturned *Welton* and held that a sentencing judge may consider policy disagreements with the crack/powder disparity reflected in the career offender guidelines.  *See Corner*, 598 F.3d at 416.  We concluded that because those guidelines were no different than any other sentencing guidelines, judges are free to disagree with them when they deem it appropriate. *Id*.  Ryals petitioned the Supreme Court following *Corner*, and the Supreme Court vacated our judgment and remanded for reconsideration in light of that decision. *Ryals*, 130 S.Ct. 3461.  The question before us now is whether *Corner* requires that Ryals be resentenced.

Ryals contends that a remand for resentencing is necessary because the district court did not address his crack/powder disparity argument, and the district judge said nothing that would foreclose the possibility that she would have given a lower sentence on that basis.  The government counters that Ryals' sentence can be upheld because the district court's ruling, while made before *Corner* was decided, was nonetheless consistent with *Corner*'s holding that district courts are free to disagree with the crack/powder disparity in sentencing. The government contends that because there is no evidence that the district

court wanted to vary further from the guidelines than it did, the court must have considered all relevant factors, including any policy disagreements with the sentencing guidelines for crack cocaine.

The government's argument fails because we have no way of knowing how the district court would have sentenced Ryals had it known that it could disagree with the crack/powder disparity reflected in the guidelines. *United States v. Brown*, 617 F.3d 955, 957 (7th Cir. 2010) (remand necessary where district court, sentencing under *Welton*, did not explicitly consider the defendant's argument that his sentence should be reduced in light of the crack/powder disparity).  A review of the sentencing transcript shows only that the district court acknowledged reading Ryals' sentencing memorandum, but it did not indicate how, if at all, the argument factored into the sentencing decision.  Like in *Brown*, there is no way to tell how the district court might have sentenced Ryals if it had the authority to disagree with the crack/powder disparity in the way Ryals was arguing it should.  *Id.*

Moreover, just like in *Brown*, it would make sense that the district judge would *not* have taken Ryals' argument into account, because it did not have the authority to do so under our precedent at the time. *See id.*  And the sentencing judge made no statement that she would have imposed the same sentence if she *did* have the authority to disagree with the crack/powder disparity.  *Id*.  Because we do not know how the district court would have sentenced Ryals had it been operating under *Corner*, we remand Ryals' case for resentencing.

VACATED AND REMANDED.