NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 6, 2012
Decided February 11, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 11-2160

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> RAYMOND RYALS, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Western District of Wisconsin. <br><br> No. 06 CR 99 <br><br> Barbara B. Crabb, <br> *Judge.* |

### O R D E R

A jury convicted Raymond Ryals of drug distribution for brokering an April 2006 deal for 26.6 grams of cocaine base. Because of the drug weight and Ryals's prior felony drug offenses, his statutory range for imprisonment was 10 years to life, and his minimum supervised release term was 8 years. *See* 21 U.S.C. § 841(b)(1)(B) (2006). And because the statutory maximum term of imprisonment was life, the career offender guideline established his base offense level as 37, which resulted in a guideline range of 360 months to life. *See* U.S.S.G. § 4B1.1(b)(1) (2006). In December 2006, the district court sentenced Ryals to 365 months of imprisonment and 8 years of supervised release. We vacated that sentence, finding that the district court improperly denied Ryals's counsel's motion to withdraw prior to sentencing. *United States v. Ryals*, 512 F.3d 416, 421 (7th Cir. 2008).

Before the May 2008 resentencing (by a different judge), Amendment 706 to the United States Sentencing Guidelines lowered the base offense level for distributing 26.6 grams of crack cocaine. *See* U.S.S.G. § 2D1.1(c)(7) (2007). The change had no effect on Ryals, however, because his statutory maximum of life imprisonment still resulted in a career-offender base offense level of 37 and a guideline range of 360 months to life. Nonetheless, Ryals argued for a 150-month sentence based largely on the disparity between sentences involving cocaine base and those involving powder cocaine. The court

sentenced Ryals to 300 months' imprisonment and 8 years' supervised release but did not address the crack/powder disparity argument.

We affirmed the sentence because under controlling precedent at the time, district courts had no authority to consider disparity arguments. *United States v. Ryals*, 351 Fed. App'x 102, 103 (7th Cir. 2009). The Supreme Court vacated our decision and remanded the case in light of *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010) (en banc), in which we overruled our existing precedent and held that a district court may disagree with the career offender guideline. *See Ryals v. United States*, 130 S. Ct. 3461 (2010) (mem.). We remanded the case for resentencing because "we [had] no way of knowing how the district court would have sentenced Ryals had it known that it could disagree with the crack/powder disparity reflected in the guidelines." *United States v. Ryals*, 407 Fed. App'x 958, 959 (7th Cir. 2011).

At his second resentencing in May 2011, Ryals again faced a guideline range of 360 months to life due to his career offender status. Acknowledging that he was subject to a 10-year minimum sentence due to his prior convictions, *see* 21 U.S.C. § 841(b)(1)(B), he requested a sentence of 120 months. He first argued that the crack/powder disparity warranted a lower sentence because his guideline range would have been substantially lower if his offense had involved powder cocaine. He then asserted that under the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010), 26.6 grams of cocaine base would not be sufficient to trigger either the statutory minimum of 5 years' imprisonment or the statutory maximum of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2010). And because of this, the career offender guideline would have established a lower base offense level of 34 under the FSA.

At the May 2011 hearing, the district court stated that Ryals's "offense level is 37 because the statutory maximum term of imprisonment is life" and that "[w]ith a total offense level of 37 . . . [Ryals has] an advisory guideline range of 360 months to life." The court then found that Ryals's criminal history was not overstated, discussed the § 3553 sentencing factors, and stated that it was "not necessary to sentence [Ryals] within the guidelines to achieve the statutory purposes of sentencing." The court then noted that "[a] defendant charged with the same amount of crack cocaine today" would have an offense level of 34 and a guideline imprisonment range of 262 to 327 months. Next, the court stated that a sentence of 280 months "is reasonable and no greater than necessary to hold [Ryals] accountable for [his] criminal conduct and protect the community from further criminality on [his] part." The court further noted that it "[did] not believe that the discrepancy in sentences for crack and powder cocaine warrant[ed] a lower sentence" and that it "would have imposed the same sentence had the crime of conviction involved powder cocaine." The court sentenced Ryals to 280 months of imprisonment and 8 years of supervised release.

Ryals now appeals his sentence a third time, arguing that the district court committed a procedural error by failing to apply the FSA to his sentence. The appeal was suspended pending the Supreme Court's resolution of *United States v. Dorsey*, 132 S. Ct. 2321 (2012), which held that the FSA applies in all sentencings after its passage, even if the offense conduct predated the Act.

Ryals's most recent sentencing hearing took place in May 2011, at a time when our precedent dictated that the FSA could not be applied to a defendant like Ryals because his conduct predated the Act. *See United States v. Fisher*, 635 F.3d 336, 340 (7th Cir. 2011). In light of *Dorsey*, which reversed *Fisher*, both parties agree that the district court erred by not observing that the FSA lowered Ryals's mandatory minimum term of supervised release from 8 years to 6 years. *See* 21 U.S.C. § 841(b)(1)(C). The government, however, asserts that Ryals has waived this challenge because he did

not mention the term of supervised release in his opening brief. *See United States v. Blaylock*, 413 F.3d 616, 619 (7th Cir. 2005) (arguments not raised in an opening brief are waived). But Ryals's appeal challenges the district court's failure to apply the FSA to his sentence generally, and because a supervised release term is part of that sentence, we find that he adequately raised the issue in his opening brief. *See* 18 U.S.C. § 3583(a) ("the court shall include *as a part of the sentence* a requirement that the defendant be placed on a term of supervised release if such a term is required by statute") (emphasis added).

We will only remand for resentencing if a procedural error was not harmless—that is, if the error "did not affect the district court's selection of the sentence imposed." *Williams v. United States*, 503 U.S. 193, 203 (1992). "When we are convinced the sentence would have been the same absent the error, we deem the error harmless." *United States v. Abbas*, 560 F.3d 660, 667 (7th Cir. 2009).

The government argues that we should affirm Ryals's 8-year supervised release term because it is within the guideline range. *See United States v. Lucas*, 670 F.3d 784, 789 (7th Cir. 2012) (sentence within properly calculated guideline range is presumptively reasonable). This position, which essentially addresses the reasonableness of the sentence, muddies the waters of our harmlessness analysis. *See Abbas*, 560 F.3d at 676 ("It is important to emphasize that . . . our harmless error determination and review of the sentence's reasonableness are separate steps."). Because the district court did not offer any explanation for the 8-year supervised release term or give any indication that it would impose the same term if the mandatory minimum were lower, as it is under the FSA, we have no basis to determine that the error was harmless.

For this reason, we **VACATE** Ryals's sentence and **REMAND** for resentencing. And since we are remanding for resentencing on the term of supervised release, the district court may reexamine the term of imprisonment as well, and, if it would have imposed a different term of imprisonment knowing as we do now that the FSA applies to Ryals, it may do so. *See United States v. Jones*, 696 F.3d 695, 702 (7th Cir. 2012).

**VACATED** and **REMANDED**.