11-1958-cr
United States v. Hilson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand thirteen.

PRESENT:  REENA RAGGI,
          GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

                    v.                              No. 11-1958-cr

PERCY HILSON, JR.,
                    *Defendant-Appellant*.

------------------------------------------------------------------------

FOR APPELLANT:        John J. Molloy, Esq., Angelo Musitano, Esq., Of Counsel, Niagara Falls, New York.

FOR APPELLEE:         Joseph J. Karaszewski, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 29, 2011, is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for further proceedings.

Percy Hilson, Jr., who stands convicted following a guilty plea on two counts of trafficking in five grams or more of cocaine base, see 21 U.S.C. § 841(a)(1), (b)(1)(B), and one count of possession with intent to distribute an unspecified quantity of cocaine base, see 21 U.S.C. § 841(a)(1), (b)(1)(C), challenges the 78-month concurrent prison sentences imposed for these crimes. Hilson contends that the district court erred in (1) calculating his Sentencing Guidelines range to include as relevant conduct controlled substance quantities extrapolated from currency seized at the time of Hilson's arrest; (2) failing to afford Hilson the benefits of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010) ("FSA"); and (3) finding facts in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). The government agrees that Hilson's term of supervised release should be vacated under the FSA, but it urges affirmance in all other respects. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm in part and vacate in part.

2

1.      Hilson's Sentencing Guidelines Range

Hilson contends that the district court miscalculated his Guidelines range to include as relevant conduct, see U.S.S.G. § 1B1.3, drug quantities purportedly sold by him as reflected in $10,366 seized in connection with his arrest. We review claims of procedural error in sentencing for abuse of discretion. See United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). When the procedural error pertains to Guidelines calculations, we review questions of law as to the operation of the Guidelines de novo and findings of fact for clear error. See United States v. Bonilla, 618 F.3d 102, 108 (2d Cir. 2010).

Hilson submits that the record did not permit the district court to find that the seized monies were drug proceeds. See United States v. Jones, 531 F.3d 163, 175 (2d Cir. 2008). In support, he points to the district court's own statements that the source of the seized monies was "most certainly [] in question" and that the record did not "resolve all aspects of the source of the funds." Sentencing Tr. 47:12–13, 47:25–48:1. The argument fails because the district court was not required to resolve all aspects of the source of the funds to find that they were drug proceeds for purposes of Guidelines calculations. It needed only to make a preponderance finding that the monies, more likely than not, derived from drug trafficking. See United States v. Jones, 531 F.3d at 175 (using preponderance standard to determine drug quantity based on currency under Guidelines); see also United States v. Hertular, 562 F.3d 433, 447 (2d Cir. 2009)

3

(concluding that preponderance finding was satisfied if fact's existence was "more likely than not"). That finding was supported here by evidence of Hilson's history of drug trafficking and his possession of the money at a time when he was known to be selling crack, as evidenced by his three recent sales to the confidential informant. It was further supported by evidence refuting Hilson's suggestions that the monies derived from various legitimate sources, such as a student grant, a girlfriend's tax refund, Hilson's own bank accounts, or his one-week employment at Wendy's.

With the finding that the seized money constituted drug proceeds, Hilson does not—and cannot—seriously challenge the district court's calculation that $10,366 would be the proceeds from the sale of 326.5 grams of crack. See United States v. Jones, 531 F.3d at 175 (holding that where "seized currency appears by a preponderance of the evidence to be the proceeds of narcotics trafficking, a district court may consider the market price for the drugs in which the defendant trafficked in determining the drug quantity represented by that currency"). The district court noted that the market price for crack cocaine was $900 per ounce, an amount corroborated by the $225, $230, and $240 that the informant had paid Hilson for the three quarter-ounce crack purchases in this case. At that rate, the district court reasonably estimated $10,366 to equate to 326.5 grams of crack cocaine. See U.S.S.G. § 2D1.1 cmt. 12 (now relocated to cmt. 5) (allowing sentencing judge to approximate quantity of controlled substance).

Accordingly, we identify no error of law or fact in the district court's consideration of Hilson's related conduct trafficking in 326.5 grams of crack cocaine in calculating his Sentencing Guidelines range.

2.      Fair Sentencing Act

Hilson argues, and the government concedes, that the district court erred by not applying the FSA to his sentencing. See Dorsey v. United States, 132 S. Ct. 2321, 2330, 2332 (2012); United States v. Highsmith, 688 F.3d 74, 77 (2d Cir. 2012). The government, however, submits that the error is harmless with respect to the prison component of Hilson's sentence, and that vacatur and remand are warranted only with respect to the term of supervised release. We agree.

Because the FSA raised from five to 28 grams the quantity of crack involved in a crime of conviction necessary to trigger a mandatory minimum sentence of five years, and because Hilson's crimes of conviction involved no crack amount exceeding 5.67 grams, the change in law freed him from a mandatory minimum sentence. Nevertheless, the record permits us confidently to conclude that the mandatory minimum played no role in Hilson's 78-month sentence for two reasons. First, Hilson was already freed from the application of any mandatory minimum sentence by the district court's finding that he satisfied the safety valve requirements of 18 U.S.C. § 3553(f). Second, Hilson's Guidelines range exceeded the formerly applicable mandatory minimum. The total 20.33 grams of crack involved in Hilson's crimes of conviction, together with the 326.5 grams

5

of crack deemed relevant conduct, yielded a base offense level of 32, see U.S.S.G. § 2D1.1(c)(4), which with the two points consideration for acceptance of responsibility, see id. § 3E1.1, and two more for the safety valve, see id. § 5C1.2(a), resulted in a total offense level of 28. That offense level, with a criminal history category of I, produced a Guidelines prison range of 78 to 97 months. Thus, because no mandatory minimum applied in this safety valve case, and because the 78-month sentence imposed by the district court was greater than the pre-FSA minimum, and was imposed according to the Guidelines without reference to that minimum, any error in not applying the FSA here was harmless with respect to Hilson's prison sentence. See United States v. Deandrade, 600 F.3d 115, 120 (2d Cir. 2010) (holding that purported calculation error in mandatory minimum was harmless because challenged sentence was 60 months longer than presumed minimum and was imposed according to Guidelines without reference to statutory minimum).

Nothing in the record, however, indicates whether the district court would have sentenced Hilson to less than the mandated four-year term of supervised release had the court applied the FSA. Thus, consistent with the position of both parties on this point, that portion of Hilson's sentence is vacated and the case remanded to the district court only for its consideration as to whether Hilson should be resentenced to a lesser term of supervision. See 21 U.S.C. § 841(b)(1)(C) (allowing sentencing judge to impose supervised release term of at least three years for possession crimes where defendant had less than 28 grams of cocaine base).

6

3.    *Apprendi* Error

Hilson argues that, insofar as the district court found him to have trafficked in more than 28 grams of crack, the amount necessary to trigger a mandatory minimum under the FSA, it violated his Sixth Amendment rights as construed in Apprendi v. New Jersey, 530 U.S. at 490.  See Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013) (holding that any fact that increases mandatory minimum is element that must be proved beyond reasonable doubt).  Because Hilson failed to raise any such Apprendi objection in the district court, we review only for plain error, which we do not identify here.  See United States v. Marcus, 130 S. Ct. 2159, 2164 (2010) (stating plain error exists where (1) there is error that (2) is clear or obvious, (3) affects substantial rights, and (4) seriously affects fairness, integrity, or public reputation of judicial proceedings).

As already discussed, no mandatory minimum applied in this case once the district court found Hilson eligible for safety valve consideration.  Thus, the district court did not calculate drug quantity in order to apply a mandatory minimum, but only to calculate the Sentencing Guidelines that applied with no mandatory minimum.  The latter calculation does not implicate Apprendi.  See United States v. McLeod, 251 F.3d 78, 82 (2d Cir. 2001) ("Apprendi is inapplicable to Guidelines calculations that do not result in a sentence on a single count above the statutory maximum for that count."); cf. Alleyne v. United States, 133 S. Ct. at 2155 (requiring any fact that increases statutory minimum to be submitted to jury).  Accordingly, we identify no Apprendi error here, let alone plain error.

We have considered Hilson's remaining arguments and conclude that they are without merit. The judgment of the district court is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for resentencing solely with respect to the term of supervised release.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court