UNITED STATES of America,
Plaintiff–Appellee,

v.

Diana WILSON, aka Diana Caddell,
Defendant–Appellant.

No. 13–5083.

United States Court of Appeals,
Sixth Circuit.

Jan. 14, 2015.

Before: GIBBONS, SUTTON, and KETHLEDGE, Circuit Judges.

### ORDER

Diana Wilson, a federal prisoner proceeding through counsel, appeals a district court judgment imposed against her in a criminal case. The government confesses error and moves to remand the action for resentencing as to the term of supervised release. This case has been referred to a panel of the court pursuant to Federal Rule of Appellate Procedure 34(a)(2)(C). Upon examination, this panel unanimously agrees that oral argument is not needed.

A grand jury indicted Wilson on various charges, including social security fraud (Count 3) and conspiracy to distribute at least fifty grams of cocaine base between June 2008 and February 4, 2010 (Count 11). *See* 18 U.S.C. § 641; 21 U.S.C. § 846. Wilson thereafter entered into a written plea agreement which provided that she would plead guilty to Counts 3 and 11 and which preserved her right to appeal her terms of incarceration and su-

pervised release. In the agreement, the United States expressed its belief that it could prove that the drug quantity attributable to Wilson included 20,411 grams of powder cocaine and 1,643 grams of cocaine base. Wilson in turn indicated that she did not "necessarily agree with the amounts," but agreed that "the total amount readily provable ... converg[ed] to between 3,000 and 10,000 kilograms of marijuana." On March 2, 2011, Wilson entered her guilty pleas:

The presentence report applied the 2010 edition of the Sentencing Guidelines and calculated Wilson's Sentencing Guidelines range of imprisonment as 324 to 405 months. Sentencing was delayed until the end of 2012 while Wilson cooperated with the government. At the sentencing hearing, the district court granted the government's motion for a downward departure of four levels due to substantial assistance, which reduced Wilson's Guidelines range to 210 to 262 months in prison. The district court sentenced Wilson below the range to a total of 192 months in prison. The court additionally imposed concurrent supervised release terms of three years for Count 3 and five years for Count 11. When the court asked if anyone had an objection to the sentence, neither party expressed one. Judgment was entered on January 7, 2013.

Wilson's court-appointed counsel filed an appellate brief with this court and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although we concluded that the issues raised by counsel lacked merit, we denied the motion to withdraw because an arguable issue existed—whether the district court committed plain error by failing to apply 21 U.S.C. § 841(b)(1)(B), as amended by the Fair Sentencing Act of 2010 ("FSA"), when im-

posing a five-year term of supervised release for Count 11.

Wilson has filed a brief, raising the issue suggested. In lieu of a brief, the government has filed a motion to remand and concedes that plain error occurred.

■ Because Wilson did not object below to her term of supervised release, we review the issue for plain error. To prevail, Wilson "must show (1) an error, (2) that was obvious or clear, (3) that affected [her] substantial rights, and (4) that affected the fairness, integrity, or public reputation of [her] judicial proceedings." *United States v. Inman*, 666 F.3d 1001, 1003–04 (6th Cir.2012).

■ We conclude that the district court's use of the pre-FSA statutory range for supervised release constitutes clear error. On August 3, 2010, in between the commission of Wilson's offenses and her sentencing, the FSA was signed into law, *see Dorsey v. United States*, — U.S. —, 132 S.Ct. 2321, 2326, 183 L.Ed.2d 250 (2012), and increased the amount of cocaine base necessary to trigger the statutory penalties under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B). Under § 841(b)(1)(A), the amount of cocaine base necessary to qualify for a minimum supervised release term of five years was increased from fifty grams to 280 grams. *Compare* 21 U.S.C. § 841(b)(1)(A)(iii) (2009) *with* 21 U.S.C. § 841(b)(1)(A)(iii) (2013). Under § 841(b)(1)(B), the amount of cocaine base necessary to qualify for a minimum term of supervised release of four years was increased from five grams to twenty-eight grams. *Cf.* 21 U.S.C. § 841(b)(1)(B) (2009) to 21 U.S.C. § 841(b)(1)(B) (2013). Corresponding changes to the Guidelines became effective on November 1, 2010. *See Dorsey*, 132 S.Ct. at 2329.

In 2012, the Supreme Court held in *Dorsey* that the FSA applies retroactively to those such as Wilson who committed their crimes before the FSA's enactment but were sentenced afterwards. *See id.* at 2331. Thus, Wilson, who did not admit to any specific quantity of cocaine base above fifty grams, *see United States v. Yancy*, 725 F.3d 596, 599–600 (6th Cir.2013), should have been sentenced to supervised release for Count 11 pursuant to the revised version of § 841(b)(1)(B). The district court did not do so, but expressly adopted the presentence report which cited the minimum term of supervised release for Count 11 as five years pursuant to the former version of § 841(b)(1)(A).

Although we have not directly addressed the issue as it pertains to supervised release, we have held that the use of the pre-FSA statutory range to determine the prison term is error where sentencing occurred after the enactment of the FSA. *See United States v. McCloud*, 730 F.3d 600, 602 (6th Cir.2013), *cert. denied*, — U.S. —, 134 S.Ct. 1528, 188 L.Ed.2d 460 (2014). Likewise, in a pre-FSA case, we remanded an action for resentencing as to the term of supervised release in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny, because it appeared that the district court incorrectly believed it had to impose the higher minimum term of supervised release set forth at § 841(b)(1)(B), rather than the lower minimum term set forth at § 841(b)(1)(C). *See United States v. Aponte*, 19 Fed.Appx. 213, 222 (6th Cir. 2001).

In the FSA context, the two circuits that have considered the issue directly have held that an action must be remanded for resentencing where there was no indication that the district court intended to impose a term of supervised release above the proper statutory minimum. *United*

*States v. Hilson,* 538 Fed.Appx. 15, 18 (2d Cir.2013) (following the recommendation of both parties and holding that the district court's lack of discussion about a lesser term of supervision warranted remand); *United States v. Ryals,* 503 Fed.Appx. 478, 481 (7th Cir.2013) (concluding that the district court's failure to apply the FSA when imposing supervised release was not harmless error). The Fourth Circuit came to a different conclusion in *United States v. Alston,* 722 F.3d 603, 606 n. 4 (4th Cir. 2013), *cert. denied,* —— U.S. ——, 134 S.Ct. 808, 187 L.Ed.2d 611 (2013), but its one-sentence analysis was dicta because Alston forfeited the issue on appeal.

■ The district court's error affected Wilson's substantial rights because there is a reasonable probability that the error affected the outcome of the sentencing proceedings. *See United States v. Marcus,* 560 U.S. 258, 262, 130 S.Ct. 2159, 176 L.Ed.2d 1012 (2010). The district court did not explain its reasons for imposing the five-year term of supervised release. However, the district court did impose a prison term that was substantially below the Guidelines range of imprisonment, and thus there is a reasonable probability that the court did not intend to impose a term of supervised release that was above the statutory minimum.

■ Finally, the district court's error affected the fairness, integrity, and public reputation of the judicial proceedings. *See Inman,* 666 F.3d at 1004. A defendant's right to due process is violated where, as here, the sentencing judge relied on erroneous information. *See United States v. Wilson,* 614 F.3d 219, 225 (6th Cir.2010). Thus, it is appropriate for us to exercise our discretion and conclude that the fourth factor weighs in Wilson's favor. *See id.*

Accordingly, we vacate the district court's judgment as to Wilson's term of supervised release, and we grant the gov-

ernment's motion to remand the action to the district court for necessary proceedings consistent with this order.