NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2014
Decided February 14, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-2023

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 12-CR-121-WMC-01 |
| | |
| KELVIN HALEY, | William M. Conley, |
| *Defendant-Appellant*. | *Chief Judge*. |

**O R D E R**

Kelvin Haley and his codefendant sold a confidential informant in Beloit, Wisconsin, 14 grams of heroin and 7 grams of crack cocaine between March and September 2012. Haley pleaded guilty to one count of heroin distribution, 21 U.S.C. §§ 841(a)(1), 846, and was sentenced to 42 months' imprisonment. Haley submitted a notice of appeal, but his attorney concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Haley did not respond to our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate submission. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Haley informed his attorney that he does not wish to withdraw his guilty plea, so counsel properly omits discussion concerning the validity of the plea colloquy or the voluntariness of his plea. *See United States v Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel first explores a challenge to the district court's calculation of drug quantity. The court rejected Haley's request at sentencing to vary from the guidelines to account for the disparity between crack and powder cocaine sentences; the court adopted the probation officer's assessment of Haley's drug quantity as the equivalent of 40–60 kilograms of marijuana (based on the 12.504 grams of heroin, 1.195 grams of tar heroin, and 0.852 grams of raw heroin, along with relevant conduct of 7.872 grams of crack cocaine, all of which was sold to a confidential informant). *See* U.S.S.G. § 2D1.1 cmt. n.8 (D). Counsel properly concludes that any such challenge would be frivolous because the court acknowledged its discretion to take into account the disparity but chose not to. *See United States v. Matthews*, 701 F.3d 1199, 1204 (7th Cir. 2012); *United States v. Corner*, 598 F.3d 411, 416 (7th Cir. 2012).

Counsel next considers but properly rejects as frivolous any challenge to the inclusion of the crack cocaine as relevant conduct. Haley did not object at sentencing to its inclusion, so any review would be for plain error. *See United States v. Arroyo*, 406 F.3d 881, 888 (7th Cir. 2005). There was no plain error. The court adopted the probation officer's assessment that Haley's relevant conduct included the three crack-cocaine sales to the same confidential informant within a three-month period. *See* U.S.S.G. § 1B1.3(a)(2), cmt. n.9(b); *United States v. White*, 519 F.3d 342, 347–48 (7th Cir. 2008). Moreover, as counsel notes, the range at which the court began its sentencing analysis (24–30 months) was the same as it would have been if the crack cocaine had not been included in the drug quantity.

Finally, as counsel correctly concludes, any challenge to reasonableness of Haley's sentence would be frivolous. Haley's 42-month sentence is presumed reasonable because it is within the guidelines range of 37 to 46 months, *see Rita v. United States*, 551 U.S. 338, 341 (2007), and we agree with counsel that the record presents no basis to set that presumption aside. The district court adequately addressed the sentencing factors in § 3553(a) noting Haley's supportive family, along with his struggles with substance abuse and his long criminal history, 18 U.S.C. § 3553(a)(1), as well as the seriousness of the drug transactions involved, and the need to protect the community and deter Haley from future drug crimes, *id.* §§ 3553(a)(2)(A)–(C).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.